10902

## OXWELD ACETYLENE CO. v. CHANDLER

### (113 S. E., 76)

1. Sales—Complaint on Contract Advancing Maturity For Failure to Execute Notes Held Sufficient.—Where the printed contract of sale provided that in case date of payment was extended beyond 60 days from date of shipment, the purchaser would execute notes for the purchase price, and on his refusal the purchase price would become due immediately, and a written term in the contract fixed the date of payment at one year after the date of shipment, a complaint, setting forth the contract as an exhibit thereto and alleging that the purchaser had refused to execute the notes, is sufficient to sustain recovery for the purchase price of the goods, though it alleged that the maturity of the debt had been extended 60 days, instead of beyond 60 days.

2. Pleadings—Erroneous Construction of Contract Set Out Does Not Render Complaint Demurrable.—Where the written contract of sale on which recovery was sought was set forth in its entirety as an exhibit to the complaint and made part of it, the fact that complaint, by a technical construction, contained a slightly erroneous conception of a clause of the contract does not make the complaint demurrable.

Before Wilson, J., Sumter, July, 1921. Reversed.

Action by Oxweld Acetylene Co. against W. S. Chandler. From order sustaining demurrer to the complaint and denying leave to amend, the plaintiff appeals.

*Messrs. Barron, Frierson, McCants & Elliott,* for appellant cite: *Right to amend*: 89 S. C., 429; 79 S. C., 272; 54 S. C., 109; 20 S. C., 465; 70 S. C., 89.

*Mr. Lewis E. Wood,* for respondent.

July 5, 1922.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action upon a contract for the sale to the defendant of a certain lighting plant, at the price of $249. The contract was in writing and contained this provision as to the terms of sale.

"Terms. *Cash one year from date of shipment.* In case date of payment is extended beyond 60 days from date of shipment, the purchaser agrees to execute and deliver to the company at its request notes for the amount aforesaid payable one year from date of shipment with interest from maturity."

The contract also contains the following provision:

"In case of the failure or refusal of the purchaser to execute and deliver to company, upon its request, the said notes, then, in either case, the deferred payments remaining unpaid, shall at once become due and payable."

It was admitted by counsel for both parties, at the hearing, that the words italicized in the terms of sale above were *written* in the blank space upon the printed form.

The complaint alleges the execution of the contract and acceptance of it by the plaintiff; that the plaintiff had performed its engagements thereunder; that the date of payment had been extended 60 days from the date of shipment; that the defendant had refused upon request to execute notes for the sum of $249, payable one year from date of shipment as agreed upon in the contract, and that as provided in the contract the entire amount at once became due and payable, for which demand had been made and refused.

The defendant interposed a demurrer to the complaint upon the general ground, the specification stated concisely being that his obligation to execute the notes was by the terms of the contract to arise only in the event that the maturity of the debt was "extended beyond 60 days from date of shipment," and that the complaint alleged that the maturity of the debt had been extended "sixty days from the date of shipment," which was less than "beyond sixty days," and that as no date of shipment was agreed upon in the contract or alleged in the complaint, there was nothing to show that the obligation had matured. The demurrer was sustained, the plaintiff was denied the privilege of amending the com-

plaint, which was dismissed. From the order sustaining the demurrer and the refusal of the amendment the plaintiff has appealed.

1, 2   If the plaintiff had based its cause of action upon the notes or upon the obligation of the defendant to execute and deliver them, the date of shipment of the lighting plant would have been an essential element in establishing the maturity of the debt, which under the contract would have been one year after the date of shipment, but it did not do so; it based its cause of action upon the contract price of the goods, $249, which, under the terms of the contract, became instantly due upon the failure of the defendant to give the notes when requested, which was alleged. The failure or refusal of the defendant to give the notes became effective to cause the immediate maturity of the debt, when, as it appeared from the contract, the date for the payment of the defendant's obligation was fixed at a time exceeding 60 days from the date of the shipment. It is evident that the matter of the date of the shipment became material in fixing the maturity of the obligation only in the event that the purchaser complied with his undertaking to give the notes. The contract was filled out upon a printed form, with a blank space in which was written the words "cash one year from date of shipment," and the clause which follows it, set out above, was intended to provide for just such a condition as here exists, where the maturity date of the obligation extended more than 60 days after date of shipment. The contract in its entirety was set forth as an exhibit to the complaint and made a part of it; the fact that the complaint contained by a technical construction a slightly different conception of the clause referred to, does not make the complaint demurrable.

The judgment of the Court is that the orders appealed from be reversed.